```
                              _____


                              _____
                                         *
              Appellant,
                                         *
         v.                                District Court for the Northern
                                           District of Iowa.
                                         *
                                         *          [UNPUBLISHED]
                                         *
                                         *
              Appellees.

                              _____


                      Filed:  October 4, 1996


Before BEAM, ROSS, and LOKEN, Circuit Judges.


PER CURIAM.


              Emi                                                       l
       s                                                                y



    In his co
supremacist and was a
occasions.  On two of those occasions no incident ensued.  On one occasion
he refused to room wi
occasion, he got into
for                                 not disciplined.  Thompson has since been
   nsferred                                                              ,
                                                                         e
```

The district court dismissed Thompson's complaint as frivolous under 28 U.S.C. § 1915(d). That section governs proceedings in forma pauperis. Under 28 U.S.C. § 1915(d), the district court must dismiss a complaint as frivolous if it lacks an arguable basis in fact or law. Neitzke v. Williams, 490 U.S. 319, 325 (1989).

The Eighth Amendment is violated when an inmate is incarcerated under conditions that pose a substantial risk of serious harm and prison officials display deliberate indifference to his safety. Farmer v. Brennan. 114 S. Ct. 1970, 1977 (1994). Not every injury suffered by one prisoner at the hands of another, however, translates into constitutional liability for prison officials responsible for the victim's safety. Id. Prison officials responsible for the victim's safety must only "take reasonable measures to abate substantial risks of serious harm, of which the officials are aware." Reece v. Groose, 60 F.3d 487, 491 (8th Cir. 1995). Accordingly, an Eighth Amendment failure to protect claim has two components: (1) an objectively serious deprivation; and (2) a subjectively culpable state of mind. Farmer, 114 S. Ct. at 1977. Absent allegations of both components, no constitutional violation exists. See, e.g., Prater v. Dahm, 89 F.3d 538, 541 (8th Cir. 1996) (affirming judgment on the pleadings where prisoner had not alleged subjective component).

Here, the facts outlined in Thompson's complaint do not amount to an objectively serious deprivation. He has not alleged that he was injured at the hands of another. He was not put in any position that posed a substantial risk of serious harm. Of the four times he was ordered to room with a black person, he got into only one altercation and then was found to be the aggressor. We agree with the district court that Thompson does not allege a failure to protect claim, but rather seeks a cellmate of his choice. The Constitution does not provide such a right. Ochs v. Thalacker, 90 F.3d 293, 296 (8th Cir. 1996); Lyon v. Farrier, 727 F.2d 766, 768 (8th Cir. 1984).

Accordingly, the judgment of the district court is affirmed.

A true copy.

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.